LINCOLN CONSTRUCTION CO. ET AL v.
ROBERT McFALLS

5-5118                                                              450 S. W. 2d 557

Opinion delivered March 2, 1970

*Gannaway & Darrow*, for appellants.

*Reinberger, Eilbott & Staten,* for appellee.

GEORGE ROSE SMITH, Justice. This is a workmen's compensation case in which the claimant asserts that he sustained a back injury while working for the appellant on December 18, 1964. Both the referee and the commission denied the claim upon the ground that the proof did not establish the occurrence of an accidental injury in the course of the claimant's employment. This appeal is from a judgment of the circuit court reversing the commission's decision.

We find the testimony to be in such conflict that a decision either way by the commission would be supported by substantial evidence. At the time of the asserted injury the claimant was one of a crew of carpenters engaged in roofing a small church at Gould. McFalls testified that he hurt his back while he was pulling up a two-by-six timber, sixteen to twenty feet long, which was being handed up by another workman below. Several of the claimant's coworkers testified that they heard him say that he had hurt his back, but there is hardly any proof that they observed any indication of an injury other than hearing McFall's statement.

Other evidence leaves the occurrence open to doubt. McFalls continued to work that afternoon and lost hardly any time from work during the following two months. He did not consult his doctor about the asserted injury until about ten days later. That physician had treated McFalls for pain in his back in 1957, 1958, 1961, and 1963, preceding the alleged injury in 1964. The doctor, with respect to the claimant's visit some ten days after the accident, stated that he had no recollection of Mc-Fall's having mentioned any cause for his condition, nor had the doctor made a notation of such a statement.

McFalls apparently waited for some time before reporting the asserted injury to his employer. He testified that he at once told his foreman, who was his brother, about the accident, but the brother was not offered as a witness. McFalls also testified that he reported the in-

jury to the employer's managing partner some two months later, but that witness stated that he knew nothing of the injury until the following June. With the substantial evidence in such conflict we have no choice except to sustain the commission's decision. *Reynolds Mining Co. v. Raper,* 245 Ark. 749, 434 S. W. 2d 304 (1968).

The circuit court judgment is reversed.

HARRIS, C. J., not participating.